780 F.2d 583
 Ellen COLLINS and O'Dell Collins, Plaintiffs-Appellants,
v.
CITY OF DETROIT, Robert Michalak, Arnold Wicker, Charles
Toms, Lamar Nowell, and Ralph Unger, Jointly and
Severally, Defendants-Appellees.
 No. 84-1020.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 11, 1985.
Decided Jan. 10, 1986.
 
 Kevin A. McNulty (argued), Kurncz and McNulty, Detroit, Mich., for plaintiffs-appellants.
 Laurie Ellias, Walter C. Pookrum, Brenda Braceful, Thomas Peterson (argued), Detroit, Mich., for defendants-appellees.
 Before MERRITT and WELLFORD, Circuit Judges; and JOHNSTONE,* Chief District Judge.
 MERRITT, Circuit Judge.
 
 
 1
 This Sec. 1983 substantive due process case arises from a Fourth Amendment violation in which the defendant, Nowell, a Detroit police officer, mistakenly initiated a search of plaintiff's house pursuant to a warrant authorizing the search of the house next door. The plaintiffs appeal summary judgment for the defendants entered by the District Court. Plaintiffs contend that the District Court's treatment of the case as a procedural due process case was error.
 
 
 2
 The complaint alleges and the facts presented on motion for summary judgment show that at the time of the mistaken entry Officer Nowell had his weapon drawn. Other officers, some of whom are named as defendants, were proceeding to search the house next door. When they saw that Nowell had made a mistake as to the house to be searched, they yelled to him that he had the wrong house and he left immediately.
 
 
 3
 The complaint states the following in a paragraph which is incorporated by reference in all of the counts of the complaint:
 
 
 4
 4. That solely and directly as a result of their power and authority in the capacity as police officers of the City of Detroit, Detroit Police Department, did the defendants, Robert Michalak, Thomas George, Arnold Wicker, Richard Olejnik, Charles Toms, Lamar Nowell, Ralph Unger, Brenda McDonald, Derrick Anderson, John Autrey, James Casper and Judy Dowling deprived the plaintiffs of their civil rights.
 
 
 5
 Thus, the complaint appears to state clearly that the defendants are sued "solely and directly" in their official capacities as police officers of the City of Detroit.
 
 
 6
 In its recent opinion in Brandon v. Holt, --- U.S. ----, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), the Supreme Court held that "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received a notice and an opportunity to respond." 105 S.Ct. at 878. Where an action is against officers "solely ... in the capacity as police officers," as stated here, plaintiffs, in order to recover, must meet the standards of liability established by Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), namely, that their injury was caused by the kind of "policy or custom" that "may fairly be said to represent official policy" of the city. See Monell, 436 U.S. at 694, 98 S.Ct. at 2037; see also Kentucky v. Graham, --- U.S. ----, 105 S.Ct. 3099, 3105-06, 87 L.Ed.2d 114 (1985) (stating that a governmental entity is not liable in a section 1983 case against public servants in their official capacity unless the entity's official policy or custom played a part in the alleged violation of federal law).
 
 
 7
 Here the complaint does not allege, nor does the evidence proffered support, a cause of action based on the "policy or custom" standard of Monell. Therefore, since neither the allegations of the complaint nor the facts purport to meet this standard, the judgment of the District Court dismissing the complaint must be affirmed.[1]
 
 
 8
 To the extent that the plaintiffs are alleging a Fourteenth Amendment property deprivation without procedural due process, as distinguished from a substantive Fourth Amendment violation, District Judge Guy correctly dismissed the action for the reasons stated in his opinion, namely: that plaintiffs have failed to show that Michigan's state judicial procedures do not provide sufficient due process.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief Judge of the United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Of course, it will be up to the District Court to determine under the Federal Rules of Civil Procedure whether to permit plaintiffs to amend their complaint under Rules 15, 59, or 60, if they should make a motion to amend. See 6 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1489 6 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1489 (1971). The law in this area is in transition, and this fact must be taken into account when considering the difficulties of counsel in properly pleading and proving substantive Fourth Amendment violations under Sec. 1983. Just as we do not have before us a proper complaint under the Monell standards, we do not have a claim for personal liability against the defendants in their individual capacity and we have no occasion to consider such a claim or any question of immunity or privilege which might be asserted in such an action