12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earnest A. DARDEN, Plaintiff-Appellant,
v.
CITY OF BERKELEY, Berkeley Police Department; Officer
Rodriguez, Defendants-Appellees.
 No. 92-16953.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Earnest A. Darden appeals pro se the district court's summary judgment for the defendants in his 42 U.S.C. Secs. 1983 and 1985 action alleging the use of excessive force by City of Berkeley police officers. Darden also appeals the denial of his motions for further discovery and leave to amend the complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand.
 
 
 3
 Darden, a homeless African American, alleged that he was beaten by City of Berkeley police officers who responded to a call to a convenience store where he was engaged in a scuffle with the store manager. Darden contends the officers pulled his legs out from under him, banged his head against the floor, and hit him with batons. Darden did not see which officers beat him. After the alleged beating, Officer Rodriguez offered Darden medical assistance and issued a citation for petty theft. Defendants deny the beating took place.
 
 
 4
 After filing his complaint against the City, Rodriguez and "John Doe(s) Officers," Darden successfully moved for two extensions of the discovery cutoff. Because he could not identify which officers beat him, however, the court denied Darden's motion to amend the complaint to add three new officers, granted the defendants' motion for summary judgment, and denied Darden's motion for further discovery under Fed.R.Civ.P. 56(f).
 
 Summary Judgment
 
 5
 "A district court's grant of summary judgment is reviewed de novo. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." DuFresne's Auto Service v. Shell Oil Co., 992 F.2d 920, 924 (9th Cir.1993) (citations omitted).
 
 
 6
 The use of excessive force by a police officer during an arrest or investigatory stop can support a claim under 42 U.S.C. Sec. 1983 based on a fourth amendment violation. Graham v. Connor, 490 U.S. 386, 394 (1989). Where the facts surrounding the alleged beating are disputed and the plaintiff cannot identify any specific officer who beat him, the very presence of a particular officer at the scene may constitute sufficient evidence to infer that the officer participated in the beating. Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir.1986). In Rutherford, we reversed a directed verdict in favor of the defendant police officers even though Rutherford could not specifically state whether any of the defendants beat him. See id.
 
 
 7
 Here, it is undisputed that Rodriguez was the first officer to respond to the call to the convenience store, and that he assisted the store manager in handcuffing Darden,[1] offered Darden medical assistance, and issued a citation. This uncontroverted evidence placed Rodriguez at the scene during the time that Darden claims he was beaten by police officers. From this evidence, a jury could reasonably infer that Rodriguez participated in the beating. See id.; cf. James v. Sadler, 909 F.2d 834, 837 (5th Cir.1990) (back-up officers can be held liable as participants in illegal search conducted by other officers). Summary judgment was therefore inappropriate as to Rodriguez.
 
 
 8
 As to the City, it may be held liable under section 1983 if Darden's constitutional rights were violated by an action taken pursuant to municipal policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978). Here, Darden alleged that the City condoned a pattern or practice of violence against African-American homeless males by Rodriguez and other officers. Darden presented no specific evidence, however, that such a pattern or practice exists.[2] Summary judgment was therefore appropriate as to the City. See Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989) (nonmoving party has burden of presenting specific facts showing genuine issue for trial).
 
 
 9
 Darden also alleged a 42 U.S.C. Sec. 1985 conspiracy claim. A section 1985 claim requires some proof of overt acts and racial animus. Evans v. McKay, 869 F.2d 1341, 1345 & n. 3 (9th Cir.1989). Darden presented no evidence of a conspiracy, however, and while he did allege that the police review commission denied his administrative claim because of his race, he presented no evidence to support that contention. Summary judgment was therefore proper on the section 1985 claim. See Harper, 877 F.2d at 731.
 
 Further Discovery (Fed.R.Civ.P. 56(f))
 
 10
 We review a denial of further discovery under Fed.R.Civ.P. 56(f) for abuse of discretion. Harris v. Duty Free Shoppers, 940 F.2d 1272, 1276 (9th Cir.1991). "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990) (citations omitted), cert. denied, 498 U.S. 1088 (1991).
 
 
 11
 Darden did not make the required showing. His papers failed to identify what discovery he sought that would preclude summary judgment. Moreover, the court had granted Darden two extensions of time, giving him more than a year to conduct discovery. In these circumstances, the court did not abuse its discretion in denying further discovery under Rule 56(f).[3] See id.
 
 Leave to Amend the Complaint
 
 12
 "We review denial of leave to amend for abuse of discretion, but such denial is strictly reviewed in light of the strong policy permitting amendment. Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991) (citations and quotation omitted).
 
 
 13
 Here, Darden sought to add Officers Nelson, Agnew and Dvorak as defendants, but the court found that amendment would be futile because Darden could not identify which officers beat him. As discussed above, however, Darden's inability to specifically identify the officers would not preclude liability if he presents evidence placing them at the scene of the alleged beating.[4] See Rutherford, 780 F.2d at 1448. The proposed amendment, then, would not have been futile. Moreover, Darden's motion appears to have been brought timely and in good faith.[5] It was therefore an abuse of discretion for the court to deny Darden's motion for leave to amend.
 
 Conclusion
 
 14
 We affirm the summary judgment in favor of the City on the section 1983 claim and in favor of all defendants on the section 1985 claim. We also affirm the denial of further discovery under Fed.R.Civ.P. 56(f). We reverse the summary judgment in favor of Rodriguez on the section 1983 claim, and the denial of leave to amend the complaint.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[6]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, plaintiff's request for oral argument is denied. Defendants' motion to strike plaintiff's brief for failure to comply with the technical rules also is denied. See Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir.1990)
 
 
 **
 This dispositon is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The store manager was an off-duty University of California police officer. He is not named in the complaint
 
 
 [2]
 Darden did present evidence that other African-American males had filed claims of excessive force against Rodriguez and other City police officers. The mere existence of the claims, however, is not evidence of a pattern or practice condoned by the City
 
 
 [3]
 We are not foreclosing the possibility of further discovery after remand, however
 
 
 [4]
 Rodriguez's responses to plaintiff's first set of interrogatories show that Officers Nelson and Agnew were present at the scene of the alleged beating. On remand, the district court can determine what evidence against Officer Dvorak Darden possesses, if any
 
 
 [5]
 The district court did not make findings on the other three factors listed in Texaco, 939 F.2d at 798. We note, however, that Darden's first motion to amend was filed on October 28, 1991, less than two weeks after service of Rodriguez's responses to the first set of interrogatories
 
 
 [6]
 The record reflects that Darden has failed to produce the reporter's transcript due to a fee dispute with the court reporter. The requirement of producing the transcript is waived. See Fed.R.App.P. 10(b)