### Enrique GARCIA

v.

### TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND.

No. MO–94–CA–187.

United States District Court, W.D. Texas, Midland–Odessa Division.

July 6, 1995.

Robert White of Childs, Bishop and White, Midland, TX, for plaintiff.

D. Bradley Kizzia and William M. Ucherek, II of Strasburger & Price, Dallas, TX, for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

BUNTON, Senior District Judge.

**BEFORE THIS COURT,** in the above-captioned cause of action, is the Motion for Summary Judgment pursuant to FED. R.CIV.P. 56 filed by Defendant Travelers Indemnity Company of Rhode Island ("Travelers"). Also before this Court is the Response by Plaintiff Enrique Garcia ("Garcia"). After due consideration of the facts, records, and applicable law, the Court is of the opinion the Motion for Summary Judgment should be granted.

### BACKGROUND

Garcia was an employee of Spincote Plastic Coating Company ("Spincote") from 1982 until January of 1985. Approximately eight years later, Garcia noted certain symptoms and sought a preliminary examination in July of 1993. On January 12, 1994, Garcia was diagnosed as having silicosis. In July of 1993, Garcia filed a workers' compensation claim alleging disability due to silicosis. Spincote subscribed to workers' compensation insurance between 1985 and 1993 through several insurance carriers. The following is a table of salient years and carriers:

| Date | Garcia's Status | Insurance Carrier |
| --- | --- | --- |
| January 23, 1985 | • Last Injurious Exposure<br>• Last day working for Spincote | • Charter Oak Fire Ins. Co.<br>• Coverage: November 2, 1984 to November 2, 1985 |
| January 24, 1985 to 1986 | • Garcia no longer working for Spincote | • **Travelers Indemnity Co.** (through assigned risk pool)<br>• Coverage: November 2, 1985 to November 2, 1986 |

July 6, 1993

● First Manifestation of
Occupational Disease
("Knew or should have
known")

● Legion Insurance Co.

---

Travelers filed a Notice of Refused or Disputed Claim on December 6, 1993, denying that it was the carrier on the date of injury. Two days later on December 8, 1993, a pre-hearing officer at the benefits review conference agreed and determined that Legion Insurance Company and not Travelers was the responsible carrier based on a date of injury determined to be July 6, 1993. On February 8, 1994, a contested case hearing was held and a Decision and Order rendered on April 14, 1994. The hearing officer determined that Travelers and not Legion was liable to Garcia for workers' compensation benefits and ordered Travelers to compensate Garcia. Travelers did not file a request for review of the Decision and Order; therefore, on June 20, 1994, the Texas Workers' Compensation Commission Appeals Panel determined the Decision and Order to be final. On September 6, 1994 Garcia filed an original petition in 70th Judicial District Court of Ector County, Texas, which was subsequently removed to this Court on September 30, 1994. Garcia alleges Travelers breached its duty of good faith and fair dealing in violation of the Texas Business and Commerce Code and the Insurance Code.

### ANALYSIS

#### I. Standard for Summary Judgment

Summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see Hansen v. Continental Ins. Co.*, 940 F.2d 971, 975 (5th Cir.1991); *Hogue v. Royse City*, 939 F.2d 1249, 1252 (5th Cir.1991). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"

*Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting FED.R.CIV.P. 1).

"All facts contained in the pleadings, depositions, admissions, and answers to interrogatories are reviewed by 'drawing all inferences most favorable to the party opposing the motion.'" *James v. Sadler,* 909 F.2d 834, 836 (5th Cir.1990) (quoting *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986)); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Degan v. Ford Motor Co.*, 869 F.2d 889, 892 (5th Cir.1989). However,

> "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial."

*Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 190–91 (5th Cir.1991) (quoting FED. R.CIV.P. 56(e)).

■ Accordingly, the focus of this Court is upon disputes over material facts; that is, only facts likely to affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). The Fifth Circuit has stated, "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court." *James,* 909 F.2d at 837; *see Matsushita Elec. Industr. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89

L.Ed.2d 538 (1986); *Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969) (en banc).

Rule 56(c) does not "require[ ] that an oral hearing be held on a motion for summary judgment." *McMillian v. City of Rockmart,* 653 F.2d 907, 911 (5th Cir.1981); *see* FED.R.CIV.P. 78; Local Court Rule CV–7(h). However, this Court has demonstrated its willingness to allow a nonmoving party a day in court in borderline cases where, under the governing law or reasonable extensions of existing law, the hearing of some testimony would be helpful to understanding the proper application of the law. Such is not the situation in the case at bar.

By Garcia's own admission in his Response to the Motion for Summary Judgment, there are no facts in dispute. Garcia's Response is in large part a recounting of the law applicable to this area, and fails to dispute any material facts likely to preclude summary judgment. Garcia does offer one example of a factual dispute with regard to the true identity of Charter Oak Fire Insurance Company which is apparently a wholly owned subsidiary of Travelers. However, such factual dispute is not in any way relevant to the granting of summary judgment in this case. The legal premise Garcia relies upon in his claim is in all respects erroneous, such that "a rational trier of fact could not find for the non-moving party based upon the record evidence before the court." *James,* 909 F.2d at 837.

## II. *Good Faith and Fair Dealing*

Under the laws of Texas, a breach of the duty of good faith and fair dealing requires the plaintiff "must allege 'that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.'" *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 262 (5th Cir.1995)

(quoting *Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987)). Although Texas courts have declined to impose an implied covenant of good faith and fair dealing for every contract, they have "recognized that a duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by contract." *Arnold,* 725 S.W.2d at 167; *Manges v. Guerra,* 673 S.W.2d 180, 183 (Tex.1984). In the insurance context, the existence of a contract giving rise to a special relationship is a necessary element of the duty of good faith and fair dealing. *Cavallini,* 44 F.3d at 262 (citing *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695 (Tex.1994)). In this case Garcia cannot prove the existence of a contract between Travelers and himself during the salient time period. Garcia's date of injury was at the time he knew or should have known he had an occupational disease. Such date of injury translates to July 1993, the period Garcia was preliminarily diagnosed and covered by Legion Insurance Company.

### A. Date of Injury

In *Hernandez v. Travelers Indem. Co. of R.I.,* the Court of Appeals of Texas dealt with the issue of liability for an employee's occupational disease between two workers' compensation carriers for the same employer. 855 S.W.2d 786, 787 (Tex.Ct.App.1993). The employee first manifested the occupational disease during the policy period of one carrier, but was last exposed to the injurious material during the policy period of another carrier. *Id.* The Court held pursuant to Article 8307 § 4a[1] of the Texas Revised Statutes and Texas case law that:

> [When] an employee who has worked for the same employer makes a claim for workers' compensation benefits due to an occupational disease, the compensation carrier at the time of the first distinct

---

1. TEX.REV.CIV.STAT.ANN. Article 8307 § 4a (West Supp.1995) (repealed 1991) states:

   Notice of injury; claim for compensation. Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within

thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within one (1) year after the occurrence of the injury or of the first distinct manifestation of an occupational disease....

manifestation of the disease is liable for such benefits.

*Id.* at 789. Although Article 8307 § 4a was repealed on January 1, 1991, the legislature passed an amended version of the Texas Workers' Compensation Act ("Act") which became effective on September 1, 1993. The new Act is the sole remedy for an employee in any suit against his or her employer. TEX.LAB.CODE ANN. § 408.001 (West Pamphlet 1995). Furthermore, the Act defines the operative date of an injury for purposes of attaching liability under the Act:

> For purposes of this subtitle, the date of injury for an occupational disease is the date on which the employee *knew or should have known* that the disease may be related to the employment.

TEX.LAB.CODE ANN. § 408.007 (West Pamphlet 1995) (emphasis supplied). The employee is also under an obligation to notify his or her employer within 30 days after the date on which:

> (1) the injury occurs; or
>
> (2) if the injury is an occupational disease, the employee *knew or should have known* that the injury may be related to the employment.

TEX.LAB.CODE ANN. § 409.001 (West Pamphlet 1995) (emphasis supplied). Finally, the employee is required to file a claim for compensation with the Workers' Compensation Commission within one year after the date on which:

> (1) the injury occurred; or
>
> (2) if the injury is an occupational disease, the employee *knew or should have known* that the disease was related to the employee's employment.

TEX.LAB.CODE ANN. § 409.003 (West Pamphlet 1995) (emphasis supplied).

This Court has attempted to locate, through the legislative history, the reasons given by the legislature for repealing Article 8307 § 4a and passing § 401.001 *et seq.* Such attempt has been unfruitful. Nevertheless, the Court is confident the term "knew or should have known" is the functional and legal equivalent of "first distinct manifestation." In *Travelers Ins. Co. v. Miller*, the definitive case interpreting the "first distinct

manifestation" language of Article 8307 § 4a, the Court of Appeals of Texas examined the statute and concluded:

> "First distinct manifestation" was not defined by the court, and has never been defined by any Texas court in the reported cases. It is for the jury to determine under the facts peculiar to each case as to when the disease reached the stage where it manifested itself so that claimant *knew, or should have known,* that he had an occupational disease.... We think that the statute means that the manifestation must be distinct to the claimant, reasonably sufficient to cause him to *believe* that he has an occupational disease.

390 S.W.2d 284, 288 (Tex.Ct.App.1965) (emphasis supplied); *cited with approval in, Aetna Casualty and Surety Co. v. Luker,* 511 S.W.2d 587, 590 (Tex.Ct.App.1974); *Hernandez,* 855 S.W.2d at 788–89. Furthermore, *Hernandez* discussed the language of first distinct manifestation in conjunction with the other requirements of Article 8307 § 4a:

> Moreover, Travelers' interpretation of the law directly conflicts with the rule that a workers' compensation claim, based on an alleged occupational disease, accrues at the time of its first distinct manifestation. It is at that time the limitations periods begin to run for both notice of injury and claim for compensation and at the expiration of which periods the claim is barred....

*Id.* at 788. Similarly, the new Act uses the language knew or should have known when stating the requirements for notice of injury and claim for compensation. *Supra,* TEX. LAB.CODE ANN. § 408.001 (West Pamphlet 1995); TEX.LAB.CODE ANN. § 409.003 (West Pamphlet 1995). The Court is therefore satisfied that the standard for identifying the date of injury has not substantively changed between the old and new Act.

The Court is faced, however, with § 410.304 which requires that this Court take into consideration the decision of the Commission Appeals Panel. On June 20, 1994, the Texas Compensation Commission Appeals Panel No. 1 affirmed the decision and order rendered on April 14, 1994 by the hearing officer. The hearing officer concluded:

The date of injury is not determinative of the correct compensation carrier for the claim. As both CARRIER's [sic] are aware, the hearing officer has previously ruled that the correct date for determination of coverage under the facts presented is the date of last injurious exposure ... CARRIER-1 [Travelers] has coverage for the date of last injurious exposure and is therefore the correct insurance carrier for this claim.

*Decision and Order*, Dkt. No. 93–010270–01–CC–MO43, at 4 (T.W.C.C. April 14, 1994).

This Court respectfully disagrees with the decision of the hearing officer and subsequent affirmance by the Commission Appeals Panel. This Court is of the opinion that the date of injury is a de facto determination of carrier liability under the Act. The "last injurious exposure" language used by the hearing officer and the Commission Appeals Panel to ascribe liability to Travelers seems misplaced. Indeed, the very same reasoning was dismissed by the *Hernandez* court when the defendant in that case, Travelers, attempted to argue that the question of liability under the Act then in effect could be resolved by first determining the employer at the time the employee was "last injuriously exposed to the hazards that caused the disease." 855 S.W.2d at 788. In the *Hernandez* case, Travelers relied on Article 8306 § 24 [2] to prove that liability under the Act should be ascribed to the carrier whose policy was in effect at the time of last injurious exposure. *Id.* The *Hernandez* court questioned Travelers use of such a statute which was meant to "apply to situations where there is a dispute as to which one of several possible employers is the employer for purposes of the [Act]." *Id.* The analogous statute to Article 8306 § 24 is found in the new Act under § 406.031 and contains almost verbatim language.[3] The situation of multiple employers is not the case here and therefore the hearing officer's apparent and erroneous reliance on § 406.031 shall not be duplicated by this Court. The standard of knew or should have known found in § 408.007 shall be the operative statute for the case at bar.

## CONCLUSION

Viewing the summary judgment evidence in the light most favorable to Garcia, the nonmovant, the Court is of the opinion the law and facts show that Garcia knew or should have known that he was suffering from an occupational disease sometime between July 6, 1993 and January 12, 1994. Such time period is well outside the period when Travelers or its alleged subsidiary Charter Oak Fire Insurance Company were the carriers for Spincote. Garcia's case fails to show the existence of a contract giving rise to a special relationship with Travelers, and thus fails to supply a necessary element of a bad faith claim. Summary judgment is therefore proper pursuant to FED.R.CIV.P. 56(e). Accordingly,

**IT IS ORDERED** the Motion for Summary Judgment filed by Defendant Travelers Indemnity Company of Rhode Island pursuant to FED.R.CIV.P. 56 is hereby **GRANTED** and judgment rendered in favor of Travelers Indemnity Company of Rhode Island.

---

**2.** TEX.REV.CIV STAT.ANN. Article 8306 § 24 (West Supp.1995) (repealed 1991) states:

Employer, who deemed. Where compensation is payable for an occupational disease, the employer in whose employ the employee was last injuriously exposed to the hazards of such disease shall be deemed the employer within the meaning of the Act.

**3.** TEX.LABOR CODE ANN § 406.031 (West Pamphlet 1995) states in pertinent part:

(b) If an injury is an occupational disease, the employer in whose employ the employee was last injuriously exposed to the hazards of the disease is considered to be the employer of the employee under this subtitle.