# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2339

_____

|  |  |  |
|---|---|---|
| MARILYN JOHNSON; RANDY MCDONALD; CASANDRA WALKER; WILLIE ALBERT DUKES, | * * * * * |  |
| Plaintiffs-Appellees, | * * | Appeal from the United States District |
| v. | * * | Court for the Eastern District of Arkansas. |
| WANE DAVIS, a Forrest City Police Officer; ED NICKS, a Forrest City Police Officer, | * * * * | |
| Defendants-Appellants. | * * | [UNPUBLISHED] |

_____

Submitted: November 18, 1998

Filed: February 9, 1999

_____

Before RICHARD S. ARNOLD, FAGG, and HALL,[1] Circuit Judges.

_____

_____

[1] The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM.

Former Forrest City, Arkansas, police officers Wane Davis and Ed Nicks appeal the district court's[2] decision denying their request for summary judgment based on their claim of qualified immunity. This appeal arises from appellants' participation in the search of the duplex at 772 Annette Street, Forrest City, Arkansas, on March 9, 1993. We affirm the decision of the district court.

I.

First, appellees have filed a motion to dismiss, asserting that this Court lacks jurisdiction to consider an interlocutory appeal arising from the district court's denial of summary judgment based on qualified immunity. This Court has clearly stated, however, that "[w]e have jurisdiction to review the denial of summary judgment based on qualified immunity, but that jurisdiction is limited to abstract issues of law and does not extend to arguments concerning the sufficiency of the evidence." Mueller v. Tinkham, 162 F.3d 999, 1002 (8th Cir. 1998). We may therefore consider whether "all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment met the [qualified immunity] . . . standard of 'objective legal reasonableness.'" Behrens v. Pelletier, 516 U.S. 299, 313 (1996).

II.

In evaluating claims of qualified immunity, this Court examines "whether the appellees asserted a violation of a federal right, whether that right was clearly established, and whether a reasonable official in appellant[s'] . . . position would have known that his conduct violated that right." Walden v. Carmack, 156 F.3d 861, 868-69 (8th Cir. 1998). On summary judgment, "we are required to undertake a legal analysis of whether the appellees' allegations and the evidence presented, taken in the light most favorable to the appellees, present one or more claims that appellant[s] . . . violated well-established rights of the appellees." Id. at 869. Appellees "may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial." Davis v. Fulton County, Arkansas, 90 F.3d 1346, 1350 (8th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

---

[2] The Honorable George Howard, United States District Judge for the Eastern District of Arkansas.

Here, the district court found material disputes of fact existed as to whether appellants' conduct was objectively reasonable in light of the lack of particularity in the warrant and the unreasonableness of the search. The law was clearly established at the time of the search in 1993 that a search warrant must describe with specificity the place to be searched. See Dalia v. United States, 441 U.S. 238, 255 (1979). Here, there were serious defects in the warrant. While officers executed the warrant at 772 Annette Street, the warrant stated that 775 Annette was to be searched. In addition, while the affidavit supporting the warrant stated that the search was to be conducted at "the home of Sheryl Jones," officers were informed that Marilyn Johnson, not Sheryl Jones, was the lessee of the duplex.

We cannot say that the district court erred in finding that there was a material question of fact as to whether it was objectively reasonable for appellants to continue the search in light of their failure to reasonably "ascertain and identify the place intended to be searched." Maryland v. Garrison, 480 U.S. 79, 88 (1987). Initially, it may have been reasonable to rely on another officer's description of the place to be searched and to enter the duplex from the rear, especially because appellants did not personally procure the warrant. But on these facts, we cannot say that it was objectively reasonable for appellants to not realize that there were serious defects in the warrant at some point during the search. Appellants' conclusory allegations that they "had no reason to know or to suspect that the premises searched were not those described in the search warrant" do not change our analysis. If and when appellants became aware of the defects in the warrant, clearly established law would have required that they stop their search of 772 Annette Street. See Garrison, 480 U.S. at 86.

In addition, "the law prohibiting unnecessarily destructive behavior while searching a citizen's home was clearly established in 1983." Ginter v. Stallcup, 869 F.2d 384, 388 (8th Cir. 1989); see also Hummel-Jones v. Strope, 25 F.3d 647, 650 (8th Cir. 1994). Affidavits from appellees incorporating allegations made in the complaint allege that a chair on the front porch was broken and that everything at 772 Annette Street "had been pulled off shelves, out of . . . [drawers], furniture had been turned over, it was destroyed."

Appellants claim that there is no direct evidence linking them individually to any destructive act taken during the search, and that they should therefore receive qualified immunity. While there is no evidence controverting appellants' affidavits that they did not personally damage any item at 772 Annette Street, these same affidavits establish that appellants were at least present during the search. In addition, their own affidavits do not suggest that they were mere bystanders during

3–

the search.  See Liston v. County of Riverside, 120 F.3d 965, 981 (9th Cir. 1997) (refusing to grant summary judgment to officers who admitted to being inside premises during execution of the warrant); James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (finding back-up officers participated in search); but see Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996) (granting summary judgment to supervisory officer who was merely present in the home during the challenged search, and to other officers where there was no evidence that any personally participated in any of the destruction).  As a result, there is also a material dispute of fact as to whether appellants participated in an unreasonably-conducted search.

Indeed, to the extent that appellants' arguments relate to whether they "actually committed the act[s] of which [they] . . . are accused, or damages, or causation, or other similar matters that the plaintiff[s] must prove, we have no jurisdiction to review them in an interlocutory appeal of a denial of a summary judgment motion based on qualified immunity."  Miller v. Schoenen, 75 F.3d 1305, 1309 (8th Cir. 1996).

In light of these disputed issues of material fact, we find that the district court properly refused to grant appellants summary judgment.  Appellees' motion to dismiss is DENIED.  The decision of the district court is AFFIRMED.


A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4–