United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60521
Conference Calendar

_____

ERIC LAQUINNE BROWN,

                                    Plaintiff-Appellant,

versus

LARRY POOL, Chief of Police, Pontotoc City, in his
individual capacity; ROBERT G. SUDDUTH, Head Investigator,
Pontotoc City, in his individual capacity; FRANKY DANIELS,
Ex-Sheriff of Pontotoc County, in his individual capacity;
MIKE MCGOWAN, Jail Administrator, in his individual capacity,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:03-CV-55-D-A
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    Eric LaQuinne Brown, Mississippi prisoner #K0577, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Brown
argues that the district court erred in dismissing his complaint
as time-barred.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A district court may <u>sua sponte</u> dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the face of a complaint that the claims asserted are time-barred. <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994). Contrary to Brown's contentions, the district court was not required to give him an opportunity to respond to the time-bar issue prior to dismissing his complaint, as 28 U.S.C. § 1915(e)(2)(B)(i) does not afford a plaintiff all procedural protections. <u>See Jackson v. City of Beaumont Police Dep't</u>, 958 F.2d 616, 619 (5th Cir. 1992).

Because 42 U.S.C. § 1983 does not provide a statute of limitations, it "borrows" a statute of limitations from the forum state's general personal-injury limitations period. <u>Moore</u>, 30 F.3d at 620. Mississippi law provides for a general three-year period of limitations in personal-injury cases. <u>James v. Sadler</u>, 909 F.2d 834, 836 (5th Cir. 1990).

Brown asserts that his complaint was "filed late" because he "had no knowledge of any [constitutional] violation and [his] mental condition kept [him] from understanding his legal obligations." However, "[u]nder federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 516 (5th Cir. 1995)(alteration in original)(internal quotation marks and citation omitted). "A plaintiff need not

know that a legal cause of action exists; he need only know facts that would support a claim." Id. (citation omitted). Thus, that Brown did not understand the legal significance of the defendants' alleged actions and omissions until he was later informed of his rights is not relevant when determining the date on which the limitations period begins to run in a 42 U.S.C. § 1983 action. See id. Because Brown knew he had suffered an injury, at the latest, by September 1999, the district court did not abuse its discretion in dismissing Brown's 42 U.S.C. § 1983 complaint as frivolous because it was filed beyond the applicable statute of limitations. See Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998).

The district court's dismissal of the complaint as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Brown is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Id.

Brown's motion for appointment of appellate counsel is DENIED.

AFFIRMED; SANCTION WARNING ISSUED; MOTION DENIED.