United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60933
Summary Calendar

FRONTRELL Y EDWARDS,

Plaintiff-Appellant,

versus

JASPER COUNTY YOUTH COURT; JASPER COUNTY SHERIFF
DEPARTMENT; BOBBY SHOEMAKER, Judge; KENNETH CROSS, Sheriff;
ARKYANNA ATKINS; JASPER COUNTY JUSTICE COURT; WILLIAM JORDAN;
HENRY HAYNES; J. E. SMITH,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:03-CV-265BN

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Frontrell Y. Edwards, Mississippi prisoner # 65470, pro-
ceeding pro se and in forma pauperis ("IFP"), appeals the district
court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint.

Edwards argues that the district court abused its dis-
cretion by dismissing his compliant sua sponte without any other
action or proceedings.  The district court is required to dismiss

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an IFP complaint at any time that the court determines that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Because it was clear from the face of the complaint that Edwards' claims were barred by the applicable statute of limitations, they lacked an arguable basis in law and, thus, were properly dismissed as frivolous. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Edwards argues that the district court should have applied a federal six-year statute of limitations to his claims which were based on breach of contract. The Supreme Court has held that the forum state's personal-injury statute of limitations should be applied to all 42 U.S.C. § 1983 claims. Wilson v. Garcia, 471 U.S. 261, 280 (1985). The district court did not err in applying Mississippi's three-year statute of limitations. See James by James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990); MISS. CODE. ANN. § 15-1-49(1) (1995). Additionally, the district court properly gave effect to Mississippi's tolling provisions for infancy. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Thus, the limitations period for all causes of action which had accrued on or before Edwards' twenty-first birthday expired three years after that date. See MISS. CODE ANN. §§ 1-3-21, 15-1-59.

Edwards also argues that the district court should have determined when he discovered his latent injuries and their causes and should have applied MISS. CODE. ANN. § 15-1-49(2) to determine when his causes of action accrued. Federal law determines when a

2

cause of action accrues. <u>Pete v. Metcalfe</u>, 8 F.3d 214, 217 (5th Cir. 1993). A cause of action for 42 U.S.C. § 1983 accrues when the plaintiff knows or has reason to know of the injury and its causation "that is, the connection between the injury and the defendant's actions." <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 516 (5th Cir. 1995). Even assuming that Edwards did not know of the existence of his illiteracy and violent, anti-social, hardened-criminal behavior until 1996, as he asserts in his brief, he knew or should have known at that time that these injuries were (or could have been) caused by the defendants' actions. That is, his illiteracy was caused by the lack of education services in the jail, and his behavioral problems were caused by his placement in adult facilities, instead in of youth facilities. Thus, the cause of action for these injuries accrued in 1996, and the limitations period expired three years after Edwards reached 21 years of age.

Edwards' claims in his complaint about two convictions when he was 17 have not yet accrued and are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). Accordingly, they lack an arguable basis in law and, thus, are frivolous. <u>See</u> <u>Berry</u>, 192 F.3d at 507.

Accordingly, the judgment is **AFFIRMED**. The dismissal of Edwards' complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996). Edwards is cautioned that once he accumulates three

3

strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

**AFFIRMED; SANCTION WARNING ISSUED.**