IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2008

Charles R. Fulbruge III
Clerk

No. 05-61143
Summary Calendar

CHARLES TORNS, JR.

Plaintiff-Appellant

v.

STATE OF MISSISSIPPI DEPARTMENT OF CORRECTIONS; KIRK
FORDICE, Governor for Mississippi; JAMES V ANDERSON, Commissioner of
Mississippi Department of Corrections; WALTER BOOKER, Superintendent for
Mississippi State Penitentiary; RICHARD PAUL PENNINGTON, Director,
Attorney for Mississippi Department of Corrections ILAP; LISA MCGRAW,
Paralegal for Mississippi Department of Corrections ILAP; JESSIE TRIBUNE,
Technician for Mississippi Department of Corrections ILAP; KAREN
CUMMINGS, Technician for Mississippi Department of Corrections ILAP;
JIMMY MELTON, Unit Administrator for Mississippi Department of
Corrections Unit 29F; OLIVER JONES, Captain of Security for Unit 29;
HENDERSON THOMAS, Lieutenant, Unit Administrator for Mississippi
Department of Corrections Unit 32D; JEFFREY HUNTER, CO for Mississippi
Department of Corrections Unit 32; DR. JOHN BEARRY

Defendants-Appellees

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

No. 05-61143

CHARLES TORNS, JR

                                    Plaintiff - Appellant

v.

STATE OF MISSISSIPPI DEPARTMENT OF CORRECTIONS; RICHARD P PENNINGTON, Director for Mississippi Department of Correction Inmates Legal Assistance Program; LAURA HOPSON, Technician for Mississippi Department of Corrections Inmates Legal Assistance Program; PENNY WALKER, Officer for Unit 30C

                                    Defendants-Appellees

_____

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-85
USDC No. 4:01-CV-296

_____

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Torns, Jr., Mississippi prisoner # 32205, appeals the district court's dismissal of his consolidated 42 U.S.C. § 1983 actions for failure to comply with an order of the court and for failure to prosecute. He argues that the district court's dismissal should be vacated because he has not engaged in dilatory conduct and because the district court did not consider lesser sanctions.

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The scope of the district court's discretion is narrower when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar reprosecution of a suit dismissed under Rule 41(b)

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

without prejudice. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). In Torns's case, although the district court's dismissal was without prejudice, the dismissal may have effectively been with prejudice due to the three-year statute of limitations. See James by James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990); MISS. CODE ANN. § 15-1-49.

Where the limitations period "prevents or arguably may present" further litigation, the standard of review should be the same as is used when reviewing a dismissal with prejudice. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212-13 (5th Cir. 1976). This court will affirm dismissals with prejudice for failure to prosecute only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. Berry, 975 F.2d at 1191.

There is not a clear record of purposeful delay or contumacious conduct by Torns. Although Torns has delayed the progress of the litigation with several requests for extensions and the filing of interlocutory appeals, the district court's order of dismissal cites only one instance in which Torns failed to comply with an order. "Generally, where a plaintiff has failed only to comply with a few court orders or rules, [this court has] held that the district court abused its discretion in dismissing the suit with prejudice." Id. at 1192 & n.6. Also, the district court did not determine that lesser sanctions would not prompt diligent prosecution, and the district court did not employ lesser sanctions that proved to be futile. See id. at 1192 & n.7. Finally, none of the usual aggravating factors appear to be present. See Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006).

Accordingly, the district court's dismissal was an abuse of discretion. The district court's judgment is hereby vacated and case is remanded for further proceedings.

Torns has requested reconsideration of the denial of his motion to strike the appellees' brief.   He has moved for an order compelling the defendants to produce and include in the record certain documents.  He requests that the court issue an injunction and order the Mississippi Department of Corrections (MDOC) to return his typewriter and related accessories.  Torns also requests the appointment of a "special United States Prosecutor" to investigate alleged wrongdoing by various MDOC officials and by this court.  Torns's motions are denied.  See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

VACATED AND REMANDED; MOTIONS DENIED.