UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 91-4709
Summary Calendar
_____

HARRY LEE JACKSON,

Plaintiff-Appellee,

VERSUS

CITY OF BEAUMONT POLICE DEPARTMENT,
ET AL.,

Defendants,

DON GORDON, Officer, and
E. R. PACHALL, Officer,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

(April 3, 1992)

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

Asserting qualified immunity, police officers Don Gordon and
E. R. Pachall appeal the denial of their Rule 12(b)(6) motion to
dismiss Harry Lee Jackson's § 1983 claim that he was subjected to
excessive force during an arrest, Jackson having earlier survived
a 28 U.S.C. § 1915(d) *Spears* hearing.  This appeal brings to the
fore the differences in the functions of § 1915(d) and *Spears*
hearings on the one hand and Rule 12(b)(6) on the other.  We
**REVERSE** and **REMAND**.

I.

In November 1987, Jackson, *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983 against the "Beaumont [Texas] Police Department", asserting several claims concerning his June 1987 arrest for aggravated robbery.  Although not included within the "statement of claim", the complaint also referenced, without providing any detail, an earlier arrest in 1985, involving Jackson and officers Gordon and "Pascal".[1]  A ***Spears*** hearing was held in April 1988, by the magistrate judge.  That same day, Jackson filed a "motion for summary judgment", contending that he was entitled to judgment because of the Police Department's failure to defend.  He included several documents, which asserted that officers Gordon and "Pahaw" used excessive force during the 1985 arrest.  The magistrate judge, in July 1988, denied the motion (construed as a request for default judgment), because the Department had not been ordered to answer.

Later that month, the magistrate judge recommended that the excessive force claim be dismissed as frivolous under § 1915(d), finding that it was time barred.  In December 1988, the district court adopted the recommendation and dismissed the claim.  Jackson appealed.  This court reversed and remanded, in January 1990, finding that "the district court failed to consider whether Texas tolling provisions for the disability of imprisonment applied ...."  ***Jackson v. City of Beaumont Police***, 894 F.2d 404 (5th Cir. 1990) (unpublished opinion).

---

[1]    Issues related to the 1987 arrest (which include an excessive force claim) are not included in this appeal.  This opinion pertains only to the arrest in 1985.

Following remand, Jackson moved, in March 1990, for permission to amend his complaint to include, for the first time, officers Gordon and "Pawhaw" as defendants. Later that month, the district court, noting that a responsive pleading had not been filed, granted the motion, but ordered that process not issue pending review under § 1915(d). A *pro se* amended complaint was filed in May 1990, and the magistrate judge held a second **Spears** hearing that July.

In January 1991, the magistrate judge issued a report (adopted by the district judge in April 1991), which noted that the excessive force claim was "stated in [the] motion for summary judgment submitted [in 1988] after [Jackson's first] **Spears** hearing", and recommended that the claim not be dismissed as frivolous. Accordingly, the amended complaint was ordered served on officers Gordon and Pachall.[2] They moved, in March 1991, for dismissal under Fed. R. Civ. P. 12(b)(6), contending, *inter alia*, that Jackson had not plead facts sufficient to overcome their qualified immunity defense. In early April 1991, Jackson obtained counsel. The magistrate judge, in May 1991, recommended that the Rule 12(b)(6) motion be denied, stating that he had already found in his January 1991 report that Jackson "had sufficiently alleged facts for each of the elements of a Fourth Amendment excessive force claim." In July 1991, noting that Jackson had counsel, the

---

[2] In May 1991, the court entered an order correcting the record to reflect that "Officer Pawhaw" is Officer E. R. Pachall.

district court adopted the report and denied the officers' motion to dismiss. Gordon and Pachall timely appealed.[3]

## II.

## A.

A district court's ruling on a Rule 12(b)(6) motion is subject to *de novo* review. *E.g., **Barrientos v. Reliance Standard Life Ins. Co.***, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, ___ U.S. ___, 111 S. Ct. 795 (1991). The motion may be granted "`only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" ***Id.*** (quoting ***Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.***, 804 F.2d 879, 881 (5th Cir. 1986)). Our review is limited solely to an evaluation of Jackson's amended complaint. *E.g.,* ***Mahone v. Addicks Util. Dist. of Harris County***, 836 F.2d 921, 935 (5th Cir. 1988); ***Jackson v. Procunier***, 789 F.2d 307, 309 (5th Cir. 1986).

However, it appears that the magistrate judge, in considering the motion to dismiss, determined that an excessive force claim was stated in Jackson's "motion for summary judgment". (Of course, Gordon and Pachall were not served with this motion, which was submitted in April 1988, over two years prior to their being made defendants in May 1990.) "While it is ... appropriate to look

---

[3]    "[T]he district court's denial of an immunity defense is an appealable `final decision' under 28 U.S.C. § 1291, notwithstanding the absence of a final judgment." ***Geter v. Fortenberry***, 849 F.2d 1550, 1552 (5th Cir. 1988) (citing ***Mitchell v. Forsyth***, 472 U.S. 511 (1985)). "The reason underlying immediate appealability ... is that `immunity' in this instance means immunity from suit, not simply immunity from liability." ***Id.***

beyond the pleadings to decide whether summary judgment should be granted, the converse is true when the question is whether the pleadings state a claim. It is black-letter law that `[a] motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings.'" *Mahone*, 836 F.2d at 935 (quoting *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985)). Accordingly, consideration of the Rule 12(b)(6) motion should have been confined to an evaluation of the amended complaint, which, of course, "supersede[d] the original [complaint] and render[ed] it of no legal effect". *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *see also* *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986). The district court's consideration of information outside Jackson's amended complaint, however, does not affect our *de novo* review.

Furthermore, in recommending denial of the defendants' motion, the magistrate judge stated that the argument raised "ha[d] already been decided" in his January 1991 report. That report, however, had reviewed Jackson's amended complaint under § 1915(d), after a second *Spears* hearing, to determine whether it should be dismissed as frivolous. The Rule 12(b)(6) motion, on the other hand, raised the issue of qualified immunity and asserted that Jackson had not met this circuit's heightened pleading requirements for § 1983 claims where such a defense can be raised. *See, e.g.*, *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989).

It is well settled that ruling under § 1915(d) is separate and distinct from that under Rule 12(b)(6). In *Neitzke v. Williams*,

- 5 -

490 U.S. 319, 326 (1989), the Court stated that "the failure to state a claim standard of Rule 12(b)(6) and the frivolousness standard of § 1915(d) were devised to serve distinctive goals, and ... while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." *Accord* **Wilson v. Lynaugh**, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989); **Pugh v. Parish of St. Tammany**, 875 F.2d 436, 438 (5th Cir. 1989).

The primary function of § 1915(d) is to deter the filing of baseless lawsuits by *in forma pauperis* litigants who "would [not otherwise] be deterred by either the actual cost of litigation or the imminence of Rule 11 sanctions." **Wilson**, 878 F.2d at 850. Therefore,

> [t]o the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal. But the considerable common ground between these standards does not mean that the one invariably encompasses the other. When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not.

**Neitzke**, 490 U.S. at 328 (footnote omitted). Accordingly, "frivolousness in the § 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6)[;] ... not all unsuccessful claims are frivolous." **Id.**

On the other hand,

> [u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending

> motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Id.* at 329-30 (footnote omitted).  Section 1915(d) dismissals involve no such procedural protections; indeed, they "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Id.* at 324, 330.

Accordingly, the district court could not deny the officers' qualified immunity defense simply on the basis that a § 1915(d) review had determined that Jackson had raised an arguable claim.[4] The officers were served with the amended complaint only after § 1915(d) review, and were not present at the *Spears* hearings which are generally held in conjunction with review under § 1915(d). *See, e.g.*, *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *abrogated in part by* *Neitzke v. Williams*, 490 U.S. 319 (1989).  As such, the qualified immunity issue raised by their Rule 12(b)(6) motion, and the corresponding question of whether Jackson had met the requisite heightened pleading standard discussed *infra*,

---

[4] In adopting, in 1991, the magistrate judge's report recommending denial of the Rule 12(b)(6) motion, the district court noted that "[t]he magistrate judge explained in detail how [Jackson's] allegations overcome defendants' qualified immunity defense."  However, as noted, the magistrate judge erroneously considered the April 1988, "motion for summary judgment" in this regard; the sufficiency *vel non* of Jackson's amended complaint in light of this circuit's heightened pleading requirements for claims of this type was never considered.

were not considered during, and, indeed, were separate and distinct from, consideration of the frivolousness *vel non* of Jackson's amended complaint. Nevertheless, our *de novo* review is, again, unaffected by the district court's failure to consider the Rule 12(b)(6) motion separate and apart from the review of Jackson's amended complaint under § 1915(d). We now turn to that review.

**B.**

"Qualified immunity cloaks a police officer from liability if a reasonably competent law enforcement agent would not have known that his actions violated clearly established law." ***James v. Sadler***, 909 F.2d 834, 838 (5th Cir. 1990). "A constitutional right must be implicated, and `the contours of the right must be sufficiently clear that a reasonable official would understand that what [he is] doing violates that right.'" ***Id.*** (footnote omitted) (quoting ***Anderson v. Creighton***, 483 U.S. 635, 640 (1987)). Qualified immunity is a defense to an excessive use of force claim under the Fourth Amendment. ***Brown***, 878 F.2d at 873-74.

One of the principal purposes of the qualified immunity doctrine is to shield officers not only from liability, but also from defending against a lawsuit. ***Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit***, No. 91-1215, slip. op. 2933, 2936 (5th Cir. Feb. 28, 1992); *see* note 3, *supra*. And, "questions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." ***James***, 909 F.2d at 838. Accordingly, this circuit requires that §

1983 plaintiffs meet heightened pleading requirements in cases, such as this, in which an immunity defense can be raised.

> We have consistently held that plaintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss. In cases where government officials assert absolute or qualified immunity, we have concluded that "allowing broadly worded complaints ... which leaves to traditional pretrial depositions, interrogatories, and requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity."

> Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense.

*Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988) (footnote omitted) (citing and quoting *Elliott v. Perez*, 751 F.2d 1472, 1476, 1479 and n.20 (5th Cir. 1985)).

"Mere conclusory allegations and bold assertions are insufficient to meet this heightened standard." *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1990). Examples of facts relevant to a qualified immunity defense to an excessive force claim include "`evidence that the officer harbored ill-will toward the citizen'[,] ... whether a warrant was employed, whether the plaintiff resisted arrest or was armed, whether more than one arrestee or officer was involved, whether the plaintiff was sober, whether other dangerous or exigent circumstances existed at the time of arrest, and on what charges plaintiff was arrested". *Brown*, 878 F.2d at 874 (citation omitted).

- 9 -

At the time of the 1985 arrest, **Shillingford v. Holmes**, 634 F.2d 263 (5th Cir. Unit A 1981), stated the clearly established law in this circuit for use of excessive force by a police officer.[5] The conduct must have: (1) caused a severe injury, (2) been grossly disproportionate to the need for action under the circumstances, and (3) been inspired by malice rather than mere carelessness or an unwise excess of zeal. **Id.** at 265.[6] Accordingly, Gordon and Pachall would be "entitled to qualified immunity if a reasonable peace officer could conclude that the defendants did not violate [Jackson's] right to be free from excessive force as that right was understood [at the time of the

---

[5]     Although the standard for establishing a § 1983 excessive force claim was changed by this court's decision in **Johnson v. Morel**, 876 F.2d 477, 480 (5th Cir. 1989) (en banc), "the objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question." **Pfannstiel v. City of Marion**, 918 F.2d 1178, 1185 (5th Cir. 1990).

[6]     The Supreme Court's recent decision in **Hudson v. McMillian**, ___ U.S. ___, 112 S. Ct. 995 (1992), overruled the "significant injury" prong of the **Huguet v. Barnett**, 900 F.2d 838, 841 (5th Cir. 1990), standard applied in excessive force claims made by prisoners under the Eighth Amendment, which had evolved from **Johnson v. Morel**, a Fourth Amendment excessive force case. As discussed in note 5, *supra*, **Johnson v. Morel** changed the standard for Fourth Amendment excessive force claims, and, among other things, reformulated **Shillingford**'s "severe injury" prong to "significant injury". 876 F.2d at 480. Jackson presents a Fourth Amendment excessive force claim, not a claim by a prisoner arising under the Eighth Amendment. We are not presented with, nor do we intimate any view concerning, the question of the effect of **Hudson**, if any, on the requirement of a "severe injury" under **Shillingford**, or a "significant injury" under **Johnson v. Morel**, in the Fourth Amendment excessive force context. Under any circumstance, Jackson has failed to satisfy the requisite heightened pleading requirement.

arrest] in 1985." ***Pfannstiel v. City of Marion***, 918 F.2d 1178, 1185 (5th Cir. 1990).

Jackson's *pro se* amended complaint alleges:

> Plaintiff asserts that on May 7, 1985, he was arrested by Officers Gordon and [Pachall] in Beaumont For Resisting Arrest and Assulting [sic] Officer Gordon. Which are False Charges. [sic] Whereupon Gordon and [Pachall], before and after handcuffing plaintiff, without justification brutally assulted [sic] him by repeatly [sic] stricking [sic] him with nightstick and Flashlight to his head with such force that plaintiff is still suffering with severe headaches and ugly scares [sic] today.
>
> Plaintiff further asserts also that he was diagnose [sic] as having Sculp [sic] contusions. And as a result of plaintiff being kicked, and stumped [sic] by Gordon and [Pachall]. He Suffered Fractured ribi [sic] from being choked - not being able to eat nor swallow solid foods because of severe throat painning, [sic] which lasted a week. Plaintiff suffered the above injuries as a result of Gordon and [Pachall's] actions, which were in bad faith.

Although Jackson's complaint contains some factual detail concerning injuries allegedly suffered as a result of the arrest, it contains virtually no facts which would allow determining whether the officers' conduct was unreasonable in light of ***Shillingford***. Jackson's only contentions in this regard are that the assault was "without justification" and in "bad faith" -- conclusory allegations insufficient to overcome the immunity defense. *E.g.,* ***Streetman***, 918 F.2d at 557. In his amended complaint, Jackson does not plead any facts regarding his own conduct during the incident, the reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his

- 11 -

arrest and the other alleged actions by the officers.  Especially in light of the heightened pleading requirement, Jackson failed to plead specific facts sufficient to overcome the officers' qualified immunity defense.

In ***Jacquez v. Procunier***, 801 F.2d 789, 792 (5th Cir. 1986), this court noted that "[o]rdinarily, when a complaint does not establish a cause of action in a case raising the issue of immunity, a district court should provide the plaintiff an opportunity to satisfy the heightened pleading requirements." However, such a complaint may be dismissed even where only one opportunity has been afforded, if circumstances demonstrate that the plaintiff's best case has already been pleaded. ***Id.*** at 792-93. This holds true even for *pro se* complaints because, despite the latitude they generally receive, "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions." ***Id.*** at 793.

As noted, Jackson's *pro se* amended complaint was filed in May 1990; the defendants' Rule 12(b)(6) motion in March 1991.  Jackson obtained counsel the following month.  Although this circuit's heightened pleading requirements were well known (and were, in any event, brought to the forefront by the motion to dismiss), the magistrate judge's recommendation to deny the motion came shortly after Jackson's counsel filed his appearance.  In this light, therefore, we do not find that Jackson has had the opportunity to plead his "best case", nor do we find that allowing him to replead

simply "prolong[s] the inevitable". *Id.* As such, we reverse and remand with instructions to permit Jackson to plead further.[7]

### III.

For the foregoing reasons, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.

---

[7] In their motion, the defendants also raised a limitations defense, which the district court did not address. In remanding to allow Jackson to replead, we express no view on the merits of that issue.