IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10121
Summary Calendar

_____

JOHN MAURICE FRAZIER,

                                        Plaintiff-Appellant,

versus

UNKNOWN POLICE OFFICERS OF DALLAS
POLICE DEPT.; UNKNOWN POLICE OFFICERS
OF ENNIS POLICE DEPT.; W.A. MCBEE,
Ennis Police Officer; MICHAEL EPPLE;
JOHN DOE, Agent, Dallas Police Dept.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-657-T
- - - - - - - - - -
August 19, 1996
Before GARWOOD, JOLLY  and DENNIS,  Circuit Judges.

PER CURIAM:[*]

     John Maurice Frazier appeals the district court's dismissal

with prejudice of his 42 U.S.C. § 1983 action.  A de novo review

of the record, the district court's decision, and the parties'

briefs demonstrates that the district court properly determined

that no genuine issues of material fact remain in dispute and

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Michael Epple was entitled to summary judgment. Brewer v. Wilkinson, 3 F.3d 816, 819 (5th Cir. 1993), cert. denied, 114 S. Ct. 1081 (1994). A de novo review of the pleadings and the district court's opinion demonstrates that the district court properly granted W.A. McBee's motion to dismiss because Frazier's claim is barred by the statute of limitations. Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992); Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993).

The district court did not abuse its discretion in granting Epple's motion for protective order and a stay of discovery. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1394 (5th Cir. 1994). Remand for a statement of reasons is not necessary because the record demonstrates that the district court did not abuse its discretion by denying Frazier's motion for appointment of counsel. Jackson v. Dallas Police Dep't, 811 F.2d 260, 262 (5th Cir. 1986).

AFFIRMED.