IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10130
Summary Calendar
_____


MARCUS DWAYNE MAYBERRY,

                                        Plaintiff-Appellant,

versus

TABITHA R. HEFNER;
GARY DODDS; CRAIG A.
RAINES; EDDIE WHEELER,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-284-BA
- - - - - - - - - -
December 11, 1997
Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

     Marcus Dwayne Mayberry, Texas prisoner #605575, appeals the

magistrate judge's dismissal of 42 U.S.C. § 1983 complaint for

failure to state a claim pursuant to the doctrine established in

Parratt v. Taylor, 451 U.S. 527 (1981), and Hudson v. Palmer, 468

U.S. 517 (1984).  Mayberry argues that his claim against Tabitha

R. Hefner for the recovery of his radio falls outside the

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Parratt/Hudson doctrine because Hefner destroyed the radio pursuant to an administrative directive.

The magistrate judge dismissed Mayberry's claim for failure to state a claim but did not cite authority for its dismissal. The dismissal was prior to service of process or any Fed. R. Civ. P. 12(b)(6) motion; therefore, the most appropriate authority for such a dismissal is 28 U.S.C. § 1915(e)(2)(B)(ii). This court reviews de novo the lower court's ruling on a Rule 12(b)(6) motion. Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992). Applying that standard here, see Mitchell v. Farcass, 112 F.3d 1483, 1485, 1489-90 (11th Cir. 1997), we conclude that the magistrate judge prematurely dismissed Mayberry's claims against Hefner.

Under the Parratt/Hudson doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." See Zinermon v. Burch, 494 U.S. 113, 115 (1990). The Parratt/Hudson doctrine does not apply to Hefner because, accepting Mayberry's allegations as true, Hefner destroyed the radio pursuant to an administrative directive and not a random, unauthorized act by a state employee. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

In addition, the <u>Parratt/Hudson</u> doctrine, which applies to procedural due process claims, does not apply to Mayberry's claim of retaliation by Hefner for his use of the state-established prison grievance procedures.  <u>Zinermon v. Burch</u>, 494 U.S. 113, 125-28; <u>Thibodeaux v. Bordelon</u>, 740 F.2d 329, 333 (5th Cir. 1984); <u>Jackson v. Cain</u>, 864 F.2d 1235, 1249 & n.5 (5th Cir. 1989) (retaliation claim premised upon use of grievance system is a prima facie violation of substantive due process).  Accordingly, we REVERSE the magistrate judge's dismissal of Mayberry's claims against Hefner and REMAND the case to the magistrate judge for further proceedings.  The motions filed by Mayberry in this court are DENIED.

REVERSED AND REMANDED.