# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

———————————

No. 00-50116

(Summary Calendar)

———————————

FRANCISCO GRIEGO, JR.,

Plaintiff - Appellant,

versus

BEXAR COUNTY, TEXAS; BEXAR COUNTY SHERIFF'S
OFFICE; BEXAR COUNTY ADULT DETENTION FACILITY,

Defendants - Appellees.

Appeal from the United States District Court
For the Western District of Texas
Dist. Ct. No. 99-CV-1125

December 5, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Francisco Griego, Jr. appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint

———————————

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

against Bexar County for failure to state a claim under Rule 12(b)(6). Griego contends that he sufficiently pleaded a claim against Bexar County and that the district court should have allowed him to amend his complaint before dismissing his case.

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion. *See Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992). The motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Id.*

To establish municipal or county liability under § 1983, a plaintiff must demonstrate that an official municipal policy or custom caused the constitutional violation, or that the violation was caused by "the unconstitutional actions of [] final policymakers themselves as they engage[d] in the setting of goals and the determination of how those goals [would] be achieved." *Turner v. Upton Co., Tex.*, 915 F.2d 133, 136 (5th Cir. 1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991); *see also Monell v. Dept. of Soc. Serv. of N. Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A government entity, however, cannot be subject to liability based on a theory of respondeat superior. *See Monell*, 436 U.S. at 691, 98 S.Ct. at 2036.

In his complaint, Griego never alleged that Bexar County had a policy or custom that caused his constitutional rights to be violated. He also did not assert that any of the actors who allegedly violated his constitutional rights held the position of policymaker for Bexar County. In reviewing a dismissal pursuant to Rule 12(b)(6), we cannot assume facts not alleged in the complaint. *See Robertson v. Plano City of Tex.*, 70 F.3d 21, 23 (5th Cir. 1992). Because Griego failed to proffer any facts that would support a claim against Bexar County under § 1983, the district court's decision to dismiss his complaint was correct.

Furthermore, the district court did not err by dismissing Griego's complaint without first allowing him an opportunity to amend    Griego has been represented by counsel throughout the litigation.  Griego did not request leave to amend in the district court, and in his appellate brief he indicates that his initial complaint was adequate.  Further, in his brief he has failed to suggest with any specificity what could be added to his claim if he were allowed to replead.  Accordingly, the dismissal of  Griego's complaint without affording him a chance to amend was proper.  *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

For the foregoing reasons, the district court's dismissal of Griego's claim is AFFIRMED.