# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————————

m 00-60607
Summary Calendar

————————————

BRENT HAZZARD,

Plaintiff-Appellant,

VERSUS

CHASE MANHATTAN CORPORATION,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
(00-CV-24)

————————————————

October 23, 2001

Before JOLLY, JONES, and SMITH,
Circuit Judges.

PER CURIAM:[*]

Brent Hazzard challenges a dismissal en-
tered pursuant to the statute of limitations.

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be published
and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Finding no error, we affirm.

## I.

This is a negligence claim by Hazzard
against the Chase Manhattan Corporation
("Chase") for inaccurate billing on his credit
card. In 1990, Hazzard's Chase credit card
apparently was stolen; he reported the theft to
Chase. Although his account was closed and
a new one opened, he was sent inaccurate bills
claiming that he owed $55.36 on the old ac-
count and $674.97 on the new. He and his

mother repeatedly complained to Chase and repeatedly were assured that the problem would be corrected, but apparently nothing was done.

In September 1991, Hazzard's account was referred to a collection agency. In December 1991, he received a statement from Chase indicating that he had purchased an item for $49.00; Hazzard claims he never made any such purchase.

During the next several years, Chase continued its efforts to collect the unpaid balance from Hazzard, who in turn renewed his objections. In 1997, Hazzard received a letter from Performance Capital Management ("Performance"), a collection agency, informing him that Chase had sold his account to them. Finally, in October 1999, Chase admitted to Hazzard that it had made a mistake and informed him that it had been corrected. Hazzard claims that the bad credit record created by his failure to pay the inaccurate bill had disqualified him from several important loans over the intervening period, including educational loans, a housing loan, and a loan for his bar exam review course after graduating from law school.

## II.

On January 6, 2000, Hazzard filed a negligence suit against Chase in state court, seeking compensatory and punitive damages, attorney's fees, the "ability to use credit for eight years," and an injunction preventing Chase from using the advertising slogan "The Right Relationship Is Everything." On the basis of diversity jurisdiction, Chase removed to federal court, which dismissed the suit as barred by Mississippi's three-year statute of limitations for negligence. MISS. CODE ANN. § 15-1-49 (1999).

## III.

A dismissal on limitations grounds is reviewed *de novo*. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). A dismissal is upheld "only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 619 (5th Cir. 1992). The court must accept all pleaded facts as true and view them in the light most favorable to the plaintiff. *Cinel v. Connick*, 13 F.3d 1338, 1341 (5th Cir. 1994).

The last bad act alleged against Chase§§the inaccurate bill for $49.00§§occurred in 1991. Because Hazzard did not sue for nine years, the action is time-barred. Hazzard, though, contends that the last act of negligence occurred on January 7, 1997, when Performance sent him a letter informing him that Chase had sold his account to them. The letter cannot be attributed to Chase. In any event, it was not, by itself, a negligent act.

Hazzard also argues that Chase's failure to correct its mistake over an eight-year period is a "continuing tort" and therefore falls within the statute of limitations. Although Hazzard did not raise this issue in the district court, we may consider it if it "presents a pure question of law or [is] an issue which, if ignored, would result in a miscarriage of justice." *United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 971 (5th Cir. 1998).[1] The continuing tort

---

[1] Fifth Circuit cases are inconsistent in delineating the standard for considering an issue raised for the first time on appeal. Some panels have stated that we need not address an issue for the first time on appeal "unless it is a purely

issue is a "a pure question of law," because the relevant facts are not in dispute and must be viewed in the light most favorable to Hazzard's claim. *Id.*

Under Mississippi law, "[a] 'continuing tort' is one inflicted over a period of time; it involves wrongful conduct that is repeated until desisted, and each day creates a separate cause of action." *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993). "A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continuing ill effects from an original violation." *Id.* (emphasis in original). Hazzard's claim is an example of the latter: The harm to his credit rating during that period arose from Chase's original alleged negligence in improperly calculating his credit card bill in 1991. There have not been any "continual unlawful acts" by Chase since 1991,

so there was no "continuing tort sufficient to toll a statute of limitations." *Id.*

AFFIRMED.

---

legal issue *and* our refusal to consider it would result in a miscarriage of justice." *E.g., Heci Exploration Co. v. Holloway*, 862 F.2d 513, 518 & n.7 (5th Cir. 1988) (emphasis added). But more recent decisions hold that this court may consider an issue first raised on appeal if it "presents a pure question of law *or* [is] an issue which, if ignored, would result in a miscarriage of justice." *Wallace*, 143 F.3d at 971 (emphasis added). Since the resolution of this contradiction in precedent is not essential to the outcome of the present case, we assume *arguendo* that the more recent, more lenient line of cases is correct.

3