IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-50960
Summary Calendar

WILLIAM R. HAYWARD,

Plaintiff-Appellant,

versus

CITY OF IRVING MUNICIPAL COURT; STATE
OF TEXAS; UNITED STATES GOVERNMENT,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-339-JN

April 19, 2002

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

William R. Hayward filed suit against the Irving, Texas Municipal Court, the

State of Texas, and the United States Government, challenging the constitutionality

of 18 U.S.C. § 922(g)(9) and the validity of prior misdemeanor convictions that bar

him from possessing weapons under federal and state law. The district court

dismissed his complaint under Fed. R. Civ. P. 12(b)(6). Hayward appeals, asserting

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court wrongly concluded that the Texas Department of Public Safety relied in error upon a mental health evaluation that did not satisfy state and federal law. Hayward raised this challenge in a motion to reopen filed within ten days of the entry of judgment. This motion is considered a Federal Rule of Civil Procedure 59(e) motion. The district court did not abuse its discretion in denying the motion because Hayward established neither a manifest error of law nor newly discovered evidence.[1]

Hayward challenges the 12(b)(6) dismissal of his complaint. The district court correctly determined that it need not address Hayward's challenge to the constitutionality of 18 U.S.C. § 922(g)(9) because his claim was not redressable by the federal courts.[2] Hayward's contention that the state courts did not rely on the psychiatric evaluation is unsupported by the record.

Further, the district court did not err in declining to overturn Hayward's 1992 conviction, as the initial action is not a proper vehicle for a collateral challenge to a state conviction.[3] Hayward asserts for the first time on appeal that his 1992 conviction does not qualify as a crime of domestic violence under 18 U.S.C. § 922(g)(9). He may not raise a new theory of relief for the first time on appeal.[4]

---

[1] See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997); Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).

[2] See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

[3] See 28 U.S.C. § 2254.

[4] See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

2

The district court did not err in granting the motions to dismiss.[5]

Hayward next challenges the denial of his motions to amend his complaint. The district court did not abuse its discretion in denying his motion to amend the complaint to add a request for relief from firearms' disabilities under 18 U.S.C. § 925(c), in light of the defendants' previous responsive pleadings.[6] Nor did the district court abuse its discretion in denying Hayward's motion to amend the complaint to request that a 1990 conviction be overturned because this conviction was unrelated to the subject matter giving rise to the complaint.[7]

The judgment of the district court is therefore AFFIRMED.

---

[5]See Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992).

[6]See Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

[7]Id.