IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21126
Summary Calendar
_____

JAMES OSCAR COOPER

       Plaintiff - Appellant

   v.

UNITED STATES OF AMERICA; KEVIN BLAIR, Drug Enforcement
Administration Agent; STEPHEN S MORRIS, US Attorney; HOUSTON
POLICE DEPARTMENT; HARRIS COUNTY SHERIFF'S DEPARTMENT; DRUG
ENFORCEMENT AGENCY; US MARSHAL SERVICE; THE CITY OF
HOUSTON; THE COUNTY OF HARRIS,

       Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2823
--------------------
June 7, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

    James Oscar Cooper, federal prisoner #55036-079, appeals the

district court's dismissal pursuant to FED. R. CIV. P. 12(b)(6)

and 28 U.S.C. § 1915A of his civil action.  Cooper asserts that

the district court misapplied 28 U.S.C. § 1915A; that the

district court erred in dismissing his claim under the Federal

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Tort Claims Act (FTCA) for failure to exhaust administrative remedies; that Heck v. Humphrey, 512 U.S. 477 (1994), is inapplicable to his case; and that the Government failed to provide reasonable and timely notice of the forfeiture of his property.

Contrary to Cooper's contentions, the district court properly invoked 28 U.S.C. § 1915A, as Cooper is a prisoner seeking redress from governmental entities and employees. Nothing in the statutes indicates that if one party moves for dismissal under FED. R. CIV. P. 12(b)(6), the district court is precluded from dismissing sua sponte the remaining defendants pursuant to 28 U.S.C. § 1915A. See FED. R. CIV. P. 12(b)(6); 28 U.S.C. § 1915A.

We review a district court's ruling on a Rule 12(b)(6) motion de novo. Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992).

Cooper's argument that his filing with the Bureau of Prisons was sufficient to satisfy the FTCA's exhaustion requirement runs contrary to the clear language of the statutes requiring that the claim first be presented to the "appropriate Federal agency." 28 U.S.C. §§ 2401(b), 2675; see Montoya v. United States, 841 F.2d 102, 104 (5th Cir. 1988). Cooper's argument that Heck is inapplicable to his case is also without merit, as Cooper is now serving a 240-month sentence for numerous counts of conviction

that have been affirmed.  See United States v. Cooper, 966 F.2d 936 (5th Cir. 1992).

Cooper reasserts the merits of his claim that the Government failed to provide reasonable and timely notice of the forfeiture of his property, but he makes no coherent argument challenging the district court's determination that he failed to assert this claim within the applicable six-year limitations period.  See 28 U.S.C. § 2401(a).  Although we liberally construe pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we require arguments to be briefed in order to be preserved.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  We note that, in his reply brief, Cooper does offer challenges to the district court's time-bar determination.  However, because Cooper raises these arguments for the first time in his reply brief, we will not consider them.  Id. at 225.

Accordingly, the district court's judgment is AFFIRMED.