IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11423
Summary Calendar
_____


JIMMY LANDERS, Co-Independent Executor
of the Estate of Jewell Landers;
WALTER LANDERS, Co-Independent Executor
of the Estate of Jewell Landers,

                                        Plaintiffs-Appellants,

versus

CITY OF CLEBURNE;
DALE HANNAH; EARL HORTON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-175-G
--------------------
June 11, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jimmy M. Landers and Walter Landers, co-independent
executors of Jewell Landers' estate, appeal the dismissal of
their 42 U.S.C. § 1983 complaint.  The Landers alleged that the
appellees' conduct in denying their petitions for a change in the
zoning of real property constituted a taking of a property right

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

without just compensation, a violation of equal protection, violations of substantive and procedural due process, and violations of state and local law.

The Landers have not asserted error in the district court's reasons for dismissing all of their claims, except the procedural due process claim, against the City of Cleburne.  The district court dismissed the claims as abandoned or for failure to comply with its status report order.  These claims are thus abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, we consider only the dismissal of the procedural due process claims against the City of Cleburne and the dismissal of all claims against Hannah and Horton.  We review de novo a dismissal pursuant to FED. R. CIV. P. 12(b)(6). Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992).  We will consider only the pleadings, accept the well-pleaded facts as true, and view the facts in the light most favorable to the plaintiff.  Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  A FED. R. CIV. P. 12(b)(6) dismissal will be affirmed only if the plaintiff could "prove no set of facts in support of his claim which would entitle him to relief." McCormack v. National Collegiate Athletic Ass'n, 845 F.2d 1338, 1343 (5th Cir. 1988).

The Landers assert that City Councilmen Hannah and Horton were not entitled to absolute immunity for their personal

actions.  "[L]ocal legislators are entitled to absolute immunity from suit under 42 U.S.C. § 1983 for conduct in furtherance of their duties."  Hernandez v. Lafayette, 643 F.2d 1188, 1193 (5th Cir. 1981).  The denial of a request for rezoning is a legislative act.  Calhoun v. St. Bernard Parish, 937 F.2d 172, 174 (5th Cir. 1991); see Shelton v. College Station, 780 F.2d 475, 477 (5th Cir. 1986) (en banc).

The Landers assert that the defendants' conduct constituted a violation of procedural due process.  They contend that they were denied a meaningful opportunity to be heard because City Councilmen Hannah and Horton "made it their clear custom and policy to deny all zoning requests that would allow for the sale and distribution of alcohol."

A zoning decision "made by an elected body such as a City Council," is a "legislative or 'quasi-legislative'" action that negates procedural due process claims.  Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070, 1074 (5th Cir. 5th Cir. 1989).  The Landers cannot show that a procedural due process right was implicated by the denial of their petitions for a change in zoning.  Shelton, 780 F.2d at 485-86.  Accordingly, the judgment of the district court is AFFIRMED.