IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41165
Summary Calendar
_____

ELIJAH W RATCLIFF

Plaintiff - Appellant

v.

SOUTHERN C/P/D INC.; SOUTHERN CHRYSLER, PLYMOUTH, DODGE,
JEEP, EAGLE; BANK ONE NA

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CV-318
--------------------
March 19, 2003

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Elijah W. Ratcliff appeals the district court's dismissal,
pursuant to FED. R. CIV. P. 12(b), of his civil complaint for
lack of subject matter jurisdiction and for failure to state a
claim.  He argues that his pleadings satisfied the standard under
Rule 12(b)(6) for stating a claim because the pleadings gave fair
notice to the defendants of the bases for his suit.  Ratcliff
does not challenge the district court's ruling that diversity

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jurisdiction is lacking or that supplemental jurisdiction should not be exercised over his state law claims.  Therefore, those issues are deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Ratcliff's motion to strike the appellees' briefs is DENIED.

This court reviews the district court's Rule 12(b)(6) dismissal de novo.  Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992).  Contrary to Ratcliff's apparent contention, simply setting forth the federal statutes upon which his claims were allegedly based is insufficient to meet the standard under Rule 12(b)(6).  Although in reviewing a Rule 12(b)(6) dismissal, this court takes as true the allegations of the complaint, this court cannot assume facts that were not alleged.  Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

To the extent that Ratcliff is contending that his general allegation that Southern maintained a discriminatory policy was sufficient to set forth a claim under the civil rights and fair credit statutes, his argument is without merit.  "Although [this court] must accept as true the well-pleaded allegations of a complaint dismissed for failure to state a claim, [this court] do[es] not accept as true conclusionary allegations in the complaint."  Kaiser Aluminum & Chemical Sales, Inc. V. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).  Furthermore, Ratcliff's factual allegations that another car

dealership was able to offer him an interest rate lower than 10.9 percent and to offer him financing through DaimlerChrysler Corporation do nothing to set forth a claim of discriminatory conduct on the part of Southern or Bank One in violation of the civil rights and fair credit statutes.

Based on the foregoing, the district court's judgment is AFFIRMED.

JUDGMENT AFFIRMED; MOTION TO STRIKE DENIED.