United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11315
Summary Calendar

_____

LONNIE CHARLES CHALMERS

Plaintiff - Appellant

v.

DAVID GAVIN, TEXAS DEPARTMENT OF PUBLIC SAFETY

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2534-M
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

    Lonnie Charles Chalmers appeals the district court's

dismissal of his civil rights complaint for failure to state a

claim under FED. R. CIV. P. 12(b)(6).  Affording liberal

construction to his brief, Chalmers contends that the inclusion

of his sexual assault conviction in a Texas Department of Public

Saftey's (TDPS) criminal history report violated Texas's sex

offender registration provisions since the information was used

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in a non-regulatory, punitive manner. He further asserts that disclosure of this information was inconsistent with the district court's prior findings in cause no. 3:01-CV-528-H, which acknowledged that Chalmers's sexual assault indictment had been dismissed. In his second assignment of error, Chalmers seeks to renew his challenge to the sex offender registration requirement, arguing that he should be permitted to petition for an order of exemption. Chalmers contends that he is entitled to a hearing on this issue.

Chalmers fails to demonstrate that the disclosure of information concerning his sexual assault conviction under Texas's sex offender registration provisions constituted a constitutional violation. The report generated by TDPS merely recited all criminal charges brought against Chalmers and tracked the salient docket entries relating those charges, including the fact that Chalmers's sexual assault conviction was ultimately set aside. Because the criminal history report reflected this development, it did not conflict with the district court's findings in cause no. 3:01-CV-528-H. Furthermore, Chalmers's claim that he was harmed by TDPS's disclosure of the sexual assault conviction is conclusional and does "not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Chalmers abandoned his challenge to the ongoing sex offender registration requirement in the district court. In any event,

Chalmers did not appeal from the district court's resolution of this issue in cause no. 3:01-CV-0528-H, and his attempt to resurrect the same challenge in the instant appeal is therefore rejected.

Because the district court did not err in finding that Chalmers failed to state a claim with respect to his civil rights suit against TDPS, we AFFIRM.  See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994); Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992).

AFFIRMED.