United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30063
Conference Calendar

_____

MASSOOD DANESH PAJOOH,

                                        Plaintiff-Appellant,

versus

JAMES D. KIRK; ROBERT H. SHEMWELL; SKY, ProSe Clerk Lawyer;
UNITED STATES OF AMERICA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-1143
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Massood Danesh Pajooh appeals the district court's dismissal of a complaint alleging Bivens[**] claims against Magistrate Judge James Kirk, Clerk of Court Robert Shemwell, a pro se law clerk, and the United States, for failure to issue requested summonses in a prior case. The district court found that each of the defendants was immune from suit and sua sponte dismissed the complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

state a claim on which relief can be granted. We review the district court's dismissal pursuant to Rule 12(b)(6) de novo. Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992).

Pajooh argues that Judge Kirk was not entitled to absolute judicial immunity because his failure to order the issuance of the summonses was an administrative, rather than a judicial, act. We conclude that Judge Kirk's actions constituted normal judicial functions for which he is entitled to absolute immunity. See Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993) (describing factors for determining whether action was judicial in nature).

Pajooh's brief addresses Clerk Shemwell in a single sentence, and he has failed to even mention the other defendants. Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Pajooh has waived his claims against these defendants.

AFFIRMED.