United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-30781
Summary Calendar

———————————————

ANDREW BOUDREAUX,

Plaintiff-Appellant,

versus

DR. ALAN PEREGO, Medical Director; STEVE RADER, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-143
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Andrew Boudreaux, Louisiana prisoner # 239866, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal and a motion for appointment of counsel. By moving for IFP, Boudreaux is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Boudreaux's attempt to incorporate his district court pleadings by reference is an insufficient means of raising arguments in this court. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

In his IFP motion, Boudreaux makes no allegations or arguments that would support a nonfrivolous issue for appeal concerning the district court's dismissal pursuant to FED. R. CIV. P. 12(b)(6) of Warden Steve Rader and Colonel Steve L. Thomas from Boudreaux's civil rights lawsuit. In his motion for appointment of counsel, Boudreaux argues that he endured four months of pain while he was forced to work in the prison fields. He asserts that he tried to resolve his problem administratively but that the warden and the colonel ignored his requests for another work assignment. Boudreaux argues that the warden and the colonel were wrongfully dismissed from the case and that they pressured his doctor not to issue a change to Boudreaux's work status.

Even taking the facts alleged in the district court against Warden Rader and Colonel Thomas as true, Boudreaux failed to show that they were deliberately indifferent to his serious medical needs. See Jackson v. City of Beaumont Police Dept., 958 F.2d 616, 618 (5th Cir. 1992); Farmer v. Brennan, 511 U.S. 825, 837, 839-40, 847 (1994). Accordingly, the district court did not err in granting in part the defendants' Rule 12(b)(6) motion to dismiss Boudreaux's claims against Warden Rader and Colonel Thomas.

The district court granted Dr. Alan Perego's motion for summary judgment and dismissed Boudreaux's claims against

Dr. Perego. In his IFP motion to this court, Boudreaux does not challenge the district court's reasons for concluding that Dr. Perego was not deliberately indifferent to his serious medical needs. In his motion for appointment of counsel, Boudreaux states only that Dr. Perego refused to issue him a duty status that restricted him to work that was not harmful or painful to his feet until after his § 1983 suit was filed and that the doctor's earlier refusals to order the duty status were the result of the doctor's deliberate indifference to Boudreaux's medical problem.

Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey, 985 F.2d at 224-25. Because Boudreaux has not briefed the bases for the district court's dismissal of his claims against Dr. Perego, this court need not address it. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Boudreaux has failed to show that his appeal involves "'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202

& n.24.  Boudreaux's motion for appointment of counsel is denied.
See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).
Boudreaux's motion to present oral argument is also denied.

Our dismissal of this appeal as frivolous counts as a strike
for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons,
103 F.3d 383, 385-87 (5th Cir. 1996).  Boudreaux is warned that
if he accumulates three strikes, he will be barred under
§ 1915(g) from bringing a civil action or an appeal from a
judgment in a civil action or proceeding under § 1915 unless he
is under imminent danger of serious physical injury.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.