# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2007

Charles R. Fulbruge III
Clerk

No. 06-50459
Summary Calendar

LYNDON HALE

                              Plaintiff-Appellant

v.

MICHAEL W MCLEAN, JR, Correctional Officer III

                              Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CV-97

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lyndon Hale, Texas prisoner # 1219752, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's judgment dismissing his 42 U.S.C. § 1983 suit and granting the defendant's summary judgment motion. By moving for IFP, Hale is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hale argues that it was improper for the district court to rely on the Merck Manual, a medical publication, which was outside of the summary judgment record, to determine that his testicular pain was caused by a bacterial infection as opposed to the actions of Texas Department of Criminal Justice Officer Michael McLean, Jr. He also argues that there are genuine issues of material fact with respect to his Eighth Amendment claim against McLean.

We review a district court's rulings on a Fed. R. Civ. P. 12(b)(6) motion and on a motion for summary judgment de novo. Crowe v. Henry, 115 F.3d 294, 296 (5th Cir. 1997); Jackson v. City of Beaumont Police Dept., 958 F.2d 616, 618 (5th Cir. 1992). In this case, summary judgment was appropriate because the summary-judgment evidence demonstrated that McLean was throwing johnny sacks at the inmates to wake them up. While McLean's actions were arguably inappropriate and possibly even negligent, there was no evidence that he was motivated by malice and intended to specifically hit Hale in the testicles to cause harm. McLean's actions in throwing the johnny sacks to wake up the inmates is not the type of force that is "repugnant to the conscience of mankind." See Baldwin v. Stalder, 137 F.3d at 839, 841 (5th Cir. 1998). Accordingly, McLean was entitled to qualified immunity, and the district court's grant of summary judgment in McLean's favor on the excessive-force claim was not error. Given the foregoing, it is not necessary for us to address Hale's argument that the district court erred in relying on a medical publication outside of the summary judgment record to dismiss his § 1983 suit.

Hale has failed to show that his appeal involves "'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Hale is warned that if he accumulates three strikes, he will be barred

under § 1915(g) from bringing a civil action or an appeal from a judgment in a civil action or proceeding under § 1915 unless he is under imminent danger of serious physical injury.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.