# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-20086
Summary Calendar

LUCILLE R KELLEY

Plaintiff-Appellant

V.

HUMBLE INDEPENDENT SCHOOL DISTRICT

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3721

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lucille R. Kelley, proceeding pro se, challenges the Federal Rule of Civil Procedure 12(b)(6) dismissal, with prejudice, of her age-discrimination action against the Humble Independent School District (Humble).

Kelley is a former substitute teacher for Humble. In October 2003, Humble terminated Kelley's employment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In December 2003, Kelley began to pursue a claim against Humble under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA), by filing a charge with the Equal Employment Opportunity Commission. In March 2004, the EEOC sent a right-to-sue letter to Kelley, closing its file because it was "unable to conclude that the information obtained establishe[d] violations of the statutes". In May 2004, Kelley filed an ADEA action against Humble in Texas state court. In July 2005, that court granted summary judgment in favor of Humble on all claims.

Kelley appealed; and, in March 2007, the Texas appellate court affirmed. In August 2007, the Texas Supreme Court denied Kelley's petition for review; and, in October 2007, it denied rehearing.

Having fully litigated her age-discrimination claim in Texas state court, Kelley, in November 2007, filed, in federal court, her second ADEA action against Humble. This action, like the first state-court action, was based upon her October 2003 termination by Humble. The district court granted Humble's motion to dismiss under Rule 12(b)(6), concluding that claim preclusion bars the second ADEA action against Humble and, additionally, that the second action is time-barred under the ADEA. 29 U.S.C. § 626(e).

"A district court's ruling on a Rule 12(b)(6) motion is subject to de novo review." Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 618 (5th Cir. 1992). "The motion may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (internal quotation marks and citations omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1966 (2007) (internal quotation marks omitted)).

Claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit". Southmark Corp. v. Coopers & Lybrand, 163 F.3d 925, 934 (5th Cir. 1999) (citing Super Van Inc. v. San Antonio, 92 F.3d 366, 370 (5th Cir. 1996)). A prior judgment forecloses relitigation of "the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit". New Hampshire v. Maine, 532 U.S. 742, 748 (2001). Kelley is pursuing the same age-discrimination claim that she brought in Texas state court. Indeed, in her reply brief, Kelley states she "is still challenging the Texas 164th District Court's decision granting . . . Summary Judgment".

It is clear that this age-discrimination claim has been fully litigated in Texas state court; and, essentially for the reasons stated in its comprehensive and well-written opinion, the district court correctly concluded that claim preclusion prevents Kelley's relitigating this claim in federal court. (Accordingly, we need not address the alternative time-bar ruling.)

AFFIRMED.